JjDECUIR, Judge.
This is an appeal by Felicia Alexander from the trial court’s judgment sustaining an exception of no cause and no right of action filed by defendants, Ace Transportation, Inc., Lenis Allen Wilson, Certain Underwriters at Lloyd’s, London, Anglo American Insurance Company, Ltd., and Ocean Marine Indemnity Company.
Felecia Alexander filed a survival and wrongful death action against defendants as a result of the death on February 16,1992, of plaintiffs major daughter, Marilyn D. Bou-dreaux. Plaintiffs petition alleged that the decedent left no surviving spouse or children. Defendants filed an exception of no cause and no right of action on the grounds that plaintiff is statutorily barred from maintaining survival and wrongful death actions since at the time of death, Ms. Boudreaux was survived by her spouse. The decedent’s spouse, Stephonne C. Boudreaux, | gdied on July 11,1992, approximately five months subsequent to Ms. Boudreaux’s death. It is undisputed that decedent and Mr. Boudreaux were legally married at the time of decedent’s death. Stephonne Boudreaux apparently did not file an action for the alleged wrongful death of his wife prior to his own death.
Plaintiff-appellant argues that while the jurisprudence and legislative history of Louisiana’s survival and wrongful death actions may support defendants’ claim that the right to bring an action for Ms. Boudreaux’s damages devolved upon the succession and/or heirs of Stephonne C. Boudreaux upon his death, the same is not true of plaintiffs right to recover her own damages as a result of the alleged wrongful death of her daughter. Plaintiff argues that the survival and wrongful death actions are separate and distinct rights governed by separate and distinct rules of law, and nothing in the jurisprudence or legislative history of La.Civ.Code art. 2315.2 precludes plaintiffs right to recover for the "wrongful death of her daughter.
Plaintiffs argument ignores the clear language of La.Civ.Code art. 2315.2(C) providing that the right of action for wrongful death is heritable. This language is identical to the language of La.Civ.Code art. 2315.1(C) which provides the right of action in a survival claim is heritable. The pertinent portions of La.Civ.Code arts. 2315.1 and 2315.2 are as follows:
Art. 2315.1. Survival action
A. If a person who has been injured by an offense or quasi-offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi-offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children;
*689 (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving; and
| s(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.
[[Image here]]
Art. 2315.2. Wrongful death action
A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children;
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving; and
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child or parent surviving.
C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.
[[Image here]]
Both articles provide that a surviving parent of the deceased can bring the action only if there is no surviving spouse or child. In this case the decedent left a surviving spouse. Both articles use identical language in stating the actions are heritable. We conclude that the legislature clearly intended to treat both actions the same. The right of action under La.Civ.Code art. 2315.2 devolved to Stephonne Boudreaux’s succession and/or heirs upon his death.
Costs of appeal are assessed to plaintiff-appellant.
AFFIRMED.